# Exhibit U

## COURT AUTHORIZED NOTICE

<u>UNITED STATES DISTRICT COURT</u>
<u>SOUTHERN DISTRICT OF NEW YORK</u>

# If you were employed by Merrill Lynch as a Financial Solutions Advisor or Investment Services Advisor between [date to be inserted by the Court] and the present, please read this notice.

## <u>A collective action lawsuit may affect your legal rights.</u>

*This is a court authorized notice.  This is not a solicitation from a lawyer.*

- Current and former Financial Solutions Advisors and Investment Services Advisors (together, "FSAs") have filed a lawsuit against Merrill Lynch & Co., Inc.; Merrill Lynch; Pierce, Fenner & Smith, Inc.; and Bank of America Corporation (together, "Merrill"), claiming that Merrill failed to pay overtime wages required by law.

- The lawsuit is proceeding as a collective action on behalf of FSAs who were employed by Merrill at any time since [date to be inserted by the Court].

- The Court has not decided who is right and who is wrong.  Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this collective action, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this lawsuit, but you give up any rights to separately sue Merrill about the same legal claims in this lawsuit.<br><br>**If you wish to be included, you must complete and submit the form at the end of this Notice [insert 60 days from date notice is sent].** |
| **DO NOTHING** | By doing nothing, you will not be included in this collective action.  This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful.  You keep any rights to sue Merrill separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run. |

1

## 1. Why did I get this notice?

You are getting this notice because Merrill's records show that you previously worked for Merrill as a Financial Solutions Advisor and/or Investment Services Advisor.  A lawsuit has been brought against Merrill claiming that FSAs, (sometimes called ISAs) however titled, were not paid overtime wages required by law because they worked off the clock without pay, were told not to record overtime hours, or were misclassified as "exempt" employees and paid only their weekly salary.  The Court has authorized this notice in order to inform you of the case and your right to join it.  The Honorable Katherine B. Forrest, United States District Court Judge in the Southern District of New York, is overseeing this collective action.  The lawsuit is known as *Hernandez et al. v. Merrill Lynch & Co., Inc., et al.,* 11 Civ. 8472 (KBF)(DCF).

## 2. What is this lawsuit about?

This lawsuit is about whether Merrill should have paid FSAs overtime for each hour worked per workweek in excess of forty.

## 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that includes others who have similar claims.  All FSAs who decide to participate in the case are part of a "Collective" or "Collective Action Members."  The current and former employees who brought this lawsuit – and all of the Collective Action Members – are called the Plaintiffs.  The company that they have sued – Merrill – is called the Defendant.  One court resolves the issues for everyone who decides to join the case.

## 4. Why is this lawsuit a Collective Action?

The Court has conditionally authorized this case to proceed as a collective action under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Specifically, the Court found that the Plaintiffs who filed this lawsuit are "similarly situated" to other FSAs employed by Merrill.

## 5. What is Merrill's position?

Merrill maintains that its pay practices for the FSAs at all times fairly and lawfully compensated them for all the time they spent working.

## 6. Has the Court decided who is right?

The Court has not decided whether Merrill or the Plaintiffs are correct.  By establishing the Collective and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

## 7. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid overtime wages for themselves and others who join the case.  Plaintiffs also are seeking recovery of attorneys' fees and costs.

## 8. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have been employed by Merrill as an FSA for one or more weeks at any time since [date to be inserted by the Court].

## 9. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling, e-mailing or writing the lawyers in this case, at the phone number, e-mail address or office address listed below.

## 10. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable.  You will <u>not</u> be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit.  You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted.  You should be aware that your federal wage and hour claims are limited by a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.  If you proceed separately, you may also have to pay your own lawyer.

3

## 11. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable.  You will also share in any proceeds from a settlement or judgment favorable to the Collective. By joining this lawsuit, you designate the named Plaintiff(s) as your representative(s), and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit.  These decisions and agreements made and entered into will be binding on you if you join the lawsuit.  While this suit is pending, you may be asked to provide documents or information relating to your employment, or otherwise participate in written and/or oral discovery proceedings and/or in a trial of this matter.

## 12. Can Merrill and/or my current employer retaliate against me if I join the lawsuit?

It is a violation of federal law for Merrill or any of its related entities to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.  If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, you may contact Plaintiffs' lawyers or any other lawyers of your choosing.

## 13. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join."  **If you choose to join this lawsuit, it is extremely important that you read, sign and promptly return the Consent to Join Form.**  An addressed and postage paid envelope is enclosed for your convenience.  Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**Merrill Lynch Lawsuit**
**Outten & Golden LLP**
**3 Park Avenue, 29th Floor**
**New York, NY 10016**
**Fax: (646) 509-2092**
**Email: OvertimeLawsuitAgainstMerrill@outtengolden.com**

The signed Consent to Join form must be emailed, faxed, or postmarked by _____ [60 days from mailing of this Notice]_____.  **If your signed Consent to Join Form is not emailed, faxed, or postmarked by [60 days from mailing of the Notice], you will not participate in this lawsuit, you will not share in a monetary recovery, and you will not be bound by any settlement or judgment.**

4

## 14. Do I have a lawyer in this case?

If you choose to join this lawsuit you will be represented by Justin Swartz, Ossai Miazad, and Jennifer Liu of Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, OvertimeLawsuitAgainstMerrill@outtengolden.com, www.outtengolden.com. You will also be represented by Gregg I. Shavitz and Susan H. Stern of Shavitz Law Group, P.A., 1515 South Federal Highway, Suite 404, Boca Raton, FL 33432, sstern@shavitzlaw.com, www.helpingworkers.com.

## 15. Should I get my own lawyer?

You do not need to hire you own lawyer because Plaintiffs' Counsel will be working on your behalf.  If you want your own lawyer, you may, but you may have to pay that lawyer.

## 16. How will the lawyers be paid?

The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if Plaintiffs do not win, there will be no attorneys' fees or costs chargeable. Under the fee agreement, in the event there is a recovery, Plaintiffs' counsel will apply to the Court for a portion of any settlement obtained or money judgment entered in favor of Plaintiffs and Opt-in Plaintiffs in the amount of the greater of (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the amount of time expended on the lawsuit, or (2) one-third of the gross settlement or judgment amount.  Fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by Merrill, or may be a combination of the two.  A copy of the contingency fee agreement executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified below.

5