USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/15/2012__

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENE HERNANDEZ, REBECCA HESTON, JEFFREY STEINBERG, TRINITY GRAY, ERIC EBANKS, and WILLIAM ROGERS, individually and on behalf all others similarly situated,<br><br>                  Plaintiffs,<br><br>     v.<br><br>MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,<br><br>                  Defendants. | No. 11 Civ. 8472 (KBF) (DCF) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Motion for Preliminary Approval") (ECF No. ____).

**I.      Preliminary Approval of Settlement**

1.      Based upon the Court's review of the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval and the Declaration of Justin M. Swartz ("Swartz Declaration") and the exhibits attached thereto, the Court grants preliminary approval of the

settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Declaration as Exhibit B.

2.      Courts have discretion regarding the approval of a proposed class action settlement. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks. *See Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009).

3.      Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Clark*, 2009 WL 6615729, at *3.

4.      Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in some cases, an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002)). Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *1 (S.D.N.Y. May 9, 2012) (same). To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir.1980)

2

(internal citation omitted).  If the proposed settlement "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement.  *Clark*, 2009 WL 6615729, at *3.

      5.     The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate.  *See In re Traffic Exec. Ass'n*, 627 F.2d at 634; *Danieli v. IBM*, No. 08 Civ. 3688, 2009 WL 6583144, at *4-5 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

      6.     The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.  Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere.  *See In re Interpublic Sec. Litig.*, No. 02 Civ. 6527, 2004 WL 2397190, at *12 (S.D.N.Y. Oct. 26, 2004) (early settlements should be encouraged when warranted by the circumstances of the case); *Castagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211, 2011 WL 2208614, at *10 (S.D.N.Y. Jun. 7, 2011) (commending Plaintiffs' attorneys for negotiating early settlement); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082, 2010 WL 5507912 (S.D.N.Y. Nov. 29, 2010) (granting final approval of pre-suit class settlement in wage and hour case).  The parties here acted responsibly in reaching an early settlement in this case.  *See In re Interpublic Sec. Litig.*, 2004 WL 2397190, at *12.

      7.     The assistance of an experienced mediator, David Rotman, reinforces that the Settlement Agreement is non-collusive.  *Capsolas*, 2012 WL 1656920, at *1.

II.     **Conditional Certification of the Proposed Rule 23 Settlement Class**

8.      Class certification is appropriate in the context of preliminary approval because it designates class counsel as attorneys for the class members. The Court certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class"):

> all current and former Investment Services Advisors, Financial Solutions Advisors, and persons in similar positions with comparable titles, including but not limited to Core 1 FSAs and Salaried FSAs (which includes but is not limited to Core 2, Premier, Transition, New Accounts, and Rollover FSAs) who worked at Defendants' call center in the State of New Jersey during the period from January 31, 2010 through October 31, 2012.

9.      Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

10.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 1,000 putative Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

11.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and the class members share common issues of fact and law, including whether Defendants failed to pay overtime premiums in violation of federal and state wage and hour laws, and whether Defendants failed to keep accurate records of the hours Plaintiffs worked. *See Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and...whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

4

12.     These alleged wage and hour violations – involving common operative facts stemming from corporate policies that affected the class members in the same way – are sufficient to meet Rule 23(a)'s commonality factor. *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at * 3 (Rule 23(a)(2) satisfied where all plaintiffs have the "identical" claim that defendant failed to abide by state and federal labor laws); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *2 (S.D.N.Y. Jan. 21, 2011) (Rule 23(a)(2) satisfied where common issues included whether defendants violated wage and hour laws by, *inter alia*, failing to pay overtime and spread of hours pay, and failing to keep accurate records of time worked).

13.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Dorn*, 2011 WL 382200, at *2 (S.D.N.Y. Jan. 21, 2011) ("Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay . . . arise from the same factual and legal circumstances that form the bases of the class members' claims."); *Clark*, 2009 WL 6615729, at *4 (same); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 182 (W.D.N.Y.2005) (finding that class members satisfied the typicality requirement where "all class members . . . allege that Kodak failed to pay them . . . overtime wages for hours worked in excess of forty per week during the relevant time period").

14.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiffs' and Class Members' interests are at odds. *See Sewell*, 2012 WL 1320124, at * 4. "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659, 2007

WL 1580080, at *6 (E.D.N.Y. May 29, 2007) (quoting *Martens v. Smith Barney Inc.,* 181 F.R.D.

243, 259 (S.D.N.Y.1998)) (internal quotation marks omitted).

     15.    In addition, Plaintiffs' counsel, Outten & Golden LLP ("O&G") and the Shavitz

Law Group, P.A. ("Shavitz Law Group") meet Rule 23(a)(4)'s adequacy requirement. *See*

*Palacio,* 2012 WL 1058409, at *2. O&G attorneys "are experienced employment lawyers with

good reputations among the employment law bar. They have prosecuted and favorably settled

many employment law class actions, including wage and hour class actions." *Sewell,* 2012 WL

1320124, at *12 (S.D.N.Y. Apr. 16, 2012) (internal citation omitted); *see also  Johnson v.*

*Brennan,* No. 10 Civ. 4712, 2011 WL 1872405, at *2 (S.D.N.Y. May 17, 2011) (O&G attorneys

have "substantial experience prosecuting and settling employment class actions, including wage

and hour class actions"). The Shavitz Law Group is similarly qualified. *See, e.g., Palacio,* 2012

WL 1058409, at *2 (S.D.N.Y. Mar. 12, 2012); *Saliford v. Regions Fin. Corp.,* No. 10 Civ. 61031

(S.D. Fla.); *Brooks v. First Data Corp.*, No. 11-18202 (Fla. 17th Cir.); *Hosier v. Mattress Firm,*

*Inc.*, No. 10 Civ. 294 (M.D. Fla.); *Briscoe-Grey v. Sears Holding Corp.*, No. 09 Civ. 81408 (S.D.

Fla.); *Lewis v. Iowa Coll. Acquisition Corp. et al.*, No. 08 Civ. 61011 (S. D. Fla.).

     16.    Plaintiffs also satisfy Rule 23(b)(3).  Common factual allegations and a common

legal theory predominate over any factual or legal variations among class members. *See Sewell,*

2012 WL 1320124, at *5 ("A common nexus of fact or law, particularly in FLSA cases, can

include the fact that plaintiffs were subject to the same company-wide policy that violated

federal labor laws"). Class adjudication of this case is superior to individual adjudication

because it will conserve judicial resources and is more efficient for class members, particularly

those who lack the resources to bring their claims individually. *See Campos v. Goode*, No. 10

Civ. 0224, 2010 WL 5508100, at *2 (S.D.N.Y. Nov. 29, 2010).

**III.    Appointment of Plaintiffs' Counsel as Class Counsel**

17.    The Court appoints O&G and the Shavitz Law Group as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

18.    O&G and the Shavitz Law Group did substantial work identifying, investigating, litigating, and settling Plaintiffs' and Class Members' claims, have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law. *See, e.g., Palacio*, 2012 WL 1058409, at *2.

19.    The work that O&G and the Shavitz Law Group have performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

**IV.    Class Notices**

20.    The Court approves the Proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Rule 23 Notice"), and the Proposed Notice of Collective Action Settlement (together with the Rule 23 Notice, the "Notices"), which are attached as Exhibits C and D to the Swartz Decl., respectively, and directs their distribution to the Class.

21.    The content of the Rule 23 Notice fully complies with due process and Federal Rule of Civil Procedure 23.

22.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

23.     The Rule 23 Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 46, 52 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

24.     The Rule 23 Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing.

**V.      Class Action Settlement Procedure**

25.     The Court hereby sets the following settlement procedure:

a.      Within 15 days of the date of this Order, the Claims Administrator shall mail the Notices to Class Members;

b.      Rule 23 Class Members will have 30 days from the date the Notice is mailed to opt out of the settlement or object to it;

c.      Plaintiffs will file a Motion for Final Approval of Settlement no later than 15 days before the fairness hearing;

d.      The Court will hold a final fairness hearing on *March 21, 2013* at *10:00* a.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 17A;

e.      If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the

8

Court's Final Order and Judgment, the "Effective Date" of the settlement will be 5 days after the Court enters its Final Order and Judgment;

f.     If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day after which the Court enters a final order and judgment after all appeals are resolved;

g.     The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards, and the Claims Administrator's fee within 3 days of the Effective Date; and

h.     The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this _15th_ day of _November_, 2012.

_____
Honorable Debra Freeman
United States Magistrate Judge

9

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Ossai Miazad
Juno Turner
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

RENE HERNANDEZ, REBECCA HESTON,
JEFFREY STEINBERG, TRINITY GRAY, ERIC
EBANKS, and WILLIAM ROGERS, individually
and on behalf all others similarly situated,

Plaintiffs,

v.

MERRILL LYNCH & CO., INC.; MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.,
and BANK OF AMERICA CORPORATION,

Defendants.

**11 Civ. 8472 (KBF) (DCF)**

### PLANTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT

**Please take notice that**, upon the annexed Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement, dated November 7, 2012, the Declaration of Justin M. Swartz in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class

Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Swartz Decl."), and the Exhibits attached to same, Plaintiffs will move this Court, before the Honorable Debra Freeman, 500 Pearl Street, Courtroom 17A, at a time and date to be determined by the Court, for an ORDER:

(1) granting preliminary approval of the Joint Stipulation of Settlement and Release, attached as Exhibit A to the Swartz Decl.;

(2) conditionally certifying the proposed Rule 23 Class under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes;

(3) appointing Outten & Golden LLP and the Shavitz Law Group, P.A. as Class Counsel; and

(4) approving the proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing  and the proposed Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing, attached as Exhibits B and C to the Swartz Decl. respectively, and directing their distribution.

*     *     *

A Proposed Order is attached hereto as **Exhibit A**, for the Court's convenience.

Dated: November 7, 2012
New York, New York

                    Respectfully submitted,


                    By:  _/s/ Justin M. Swartz_____
                          Justin M. Swartz

                    **OUTTEN & GOLDEN LLP**
                    Justin M. Swartz
                    Ossai Miazad

2

Juno Turner
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

***Attorneys for Plaintiffs and the Putative Class and Collective***

3