**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Ossai Miazad
Juno Turner
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan Stern (admitted *pro hac vice*)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RENE HERNANDEZ, REBECCA HESTON, JEFFREY STEINBERG, TRINITY GRAY, ERIC EBANKS, and WILLIAM ROGERS, individually and on behalf all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,<br><br>               Defendants. | No. 11 Civ. 8472 (KBF) (DCF) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
## FOR APPROVAL OF SERVICE AWARDS

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND .......................................................................................... 1

ARGUMENT ................................................................................................................... 2

    I.    The Requested Service Awards Are Reasonable and Should Be Approved ...................... 2

    II.   The Plaintiffs and Opt-in Plaintiff Assumed Significant Risks ........................................... 4

    III.  The Plaintiffs and Opt-in Plaintiff Expended Significant Time and Effort .................... 6

    IV.  The Ultimate Recovery Supports the Requested Service Awards ................................. 7

CONCLUSION ................................................................................................................. 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Frank v. Eastman Kodak Co.*,
    228 F.R.D. 174 (W.D.N.Y. 2005)................................................................. *passim*

*Guippone v. BH S&B Holdings, LLC*,
    No. 09 Civ. 1029, 2011 WL 5148650 (S.D.N.Y. Oct. 28, 2011) ............................................5

*Khait v. Whirlpool Corp.*,
    No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010)........................................3, 8

*Massiah v. MetroPlus Health Plan, Inc.*,
    No. 11 Civ. 5669, 2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) ...........................................3

*Mentor v. Imperial Parking Sys., Inc.*,
    No. 05 Civ. 7993, 2010 WL 5129068 (S.D.N.Y. Dec. 15, 2010)...........................................7

*Palacio v. E\*TRADE Fin. Corp.*,
    No. 10 Civ. 4030, 2012 WL 2384419 (S.D.N.Y. June 22, 2012)....................................3, 4, 7

*Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*,
    No. 08 Civ. 7670, 2010 WL 532960 (S.D.N.Y. Feb. 9, 2010) ...................................... *passim*

*Reyes v. Altamarea Grp., LLC*,
    No. 10 Civ. 6451, 2011 WL 4599822 (S.D.N.Y. Aug. 16, 2011) .......................................3, 7

*Roberts v. Texaco, Inc.*,
    979 F. Supp. 185 (S.D.N.Y. 1997).......................................................................................4

*Sewell v. Bovis Lend Lease, Inc.*,
    No. 09 Civ. 6548, 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012)....................................3, 5, 7

*Silberblatt v. Morgan Stanley*,
    524 F. Supp. 2d 425 (S.D.N.Y. 2007)...................................................................................5

*Torres v. Gristede's Operating Corp.*,
    Nos. 04 Civ. 3316, 08 Civ. 8531, 08 Civ. 9627,
    2010 WL 5507892 (S.D.N.Y. Dec. 21, 2010) ........................................................................7

*Toure v. Amerigroup Corp.*,
    No. 10 Civ. 5391, 2012 WL 3240461 (E.D.N.Y. Aug. 6, 2012)........................................3, 4

*Velez v. Majik Cleaning Serv.*,
    No. 03 Civ. 8698, 2007 WL 7232783 (S.D.N.Y. June 25, 2007)......................................2, 4

*In re Wells Fargo Loan Processor Overtime Pay Litig.*,
    MDL No. 07-1841, 2011 WL 3352460 (N.D. Cal. Aug. 2, 2011) ...........................................4

*Willix v. Healthfirst, Inc.*,
    No. 07 Civ. 1143, 2011 WL 754862 (E.D.N.Y. Feb. 18, 2011)............................................3, 7

*Wren v. RGIS Inventory Specialists*,
    No. 06 Civ. 5778, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ..............................................4

**Other Authorities**

Nantiya Ruan, Bringing Sense to Incentive Payments: An Examination of Incentive Payments
    to Named Plaintiffs in Employment Discrimination Class Actions,
    10 Emp. Rts. & Emp. Pol'y J. 395 (2006) ................................................................................3

## INTRODUCTION

In connection with Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement in the above-captioned action,[1] Plaintiffs respectfully request that the Court approve service awards for Plaintiffs Rene Hernandez, Rebecca Heston, Jeffrey Steinberg, Trinity Gray and William Rogers in the amount of $15,000 each, for Plaintiff Eric Ebanks in the amount of $12,500, and for Opt-in Plaintiff Betty Reynolds ("Opt-in Plaintiff") in the amount of $4,000, in recognition of the services they rendered on behalf of the class. These service awards are reasonable in light of the time and effort they expended in furtherance of the litigation and settlement and the risks they endured in order to vindicate their rights and the rights of absent class members.

## FACTUAL BACKGROUND

The Named Plaintiffs and Opt-in Plaintiff Reynolds have made important contributions to the prosecution and fair resolution of this action on behalf of the class members. Decl. of Justin M. Swartz in Supp. of Pls.' Mot. for Attorneys' Fees and Reimbursement of Expenses ("Swartz Decl.") ¶ 34. Named Plaintiffs and Opt-In Plaintiff Reynolds assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding their job duties and other information relevant to their claims. *Id*. ¶ 35. They also submitted declarations in support of Plaintiffs' motion for conditional certification pursuant to 29 U.S.C. § 216(b). *Id.* Named Plaintiffs also informed putative Class Members of the lawsuit and responded to document requests and interrogatories. *Id.*

---

[1] For a detailed account of the factual and procedural background of this case, Class Counsel refer the Court to the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval and the supporting Declaration of Justin M. Swartz.

Defendants noticed all six Named Plaintiffs' depositions. *Id.* ¶ 36.  Named Plaintiffs Rene Hernandez, Rebecca Heston, Jeffrey Steinberg, and William Rogers each traveled from Florida to New York to sit for their depositions. *Id.*  Plaintiff Trinity Gray's deposition was cancelled by Defendants the night before it was to take place, after Mr. Gray had traveled from Pennsylvania to New York and had prepared for his deposition. *Id.*  Defendants also cancelled Plaintiff Eric Ebanks's deposition before it occurred. *Id.*

The Court-approved Notices that were sent to Class Members informed them of the service awards that the Named Plaintiffs request:

> Class Counsel will also ask the Court to approve payments of $91,500 in total to the Class Representatives and other individuals who joined the lawsuit before the settlement in recognition of the risks they took and their service to the Class.  This amount includes payments of $15,000 to five of the Class Representatives, a payment of $12,500 to one of the Class Representatives, and a payment of $4,000 to one individual who joined the lawsuit before the settlement.

Ex. F (Decl. of Katie Horton ("Horton Decl.")), Ex. A (Rule 23 Notice) ¶ 16 & Ex. B (FLSA Notice) ¶ 13.[2]  As of March 6, 2013, no Class Member has objected to the service awards.  Ex. F (Decl. of Katie Horton ("Horton Decl.")) ¶ 26.

## ARGUMENT

### I.      The Requested Service Awards Are Reasonable and Should Be Approved.

The service awards that Plaintiffs and Opt-in Plaintiff Reynolds request are reasonable given the significant contributions they made to advance the prosecution and resolution of the lawsuit.  Courts acknowledge that plaintiffs play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, including low-wage workers. *See, e.g.*, *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant,

---

[2]      Unless otherwise indicated, all exhibits are attached to the Swartz Declaration.

and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.") (internal quotation marks omitted); *see also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006).   Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs. *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *9 (S.D.N.Y.  Aug. 16, 2011).  It is important to compensate plaintiffs for the time they spend and the risks they take. *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012).

Accordingly, "[i]ncentive awards are not uncommon in class action cases and are within the discretion of the court." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005); *see Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *6 (E.D.N.Y. Aug. 6, 2012) (approving awards of $10,000 for each class representative); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 2384419, at *7 (S.D.N.Y. June 22, 2012) (approving awards of $6,500 to class representatives); *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *14-15 (S.D.N.Y. Apr. 16, 2012) (approving payments of $10,000 and $15,000); *Reyes*, 2011 WL 4599822, at *9 (approving awards of $15,000 and $5,000); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (approving awards of $30,000, $15,000, and $7,500 to class representatives and opt-ins); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *9 (E.D.N.Y. Jan. 20, 2010) (approving awards of $15,000 and $10,000).

Courts have also approved incentive awards for opt-in plaintiffs who have performed valuable services to the class. *See, e.g.*, *Toure*, 2012 WL 3240461, at *6 (approving awards of $5,000 for opt-ins who participated in discovery); *Palacio*, 2012 WL 2384419, at *7 (approving awards of $3,000 for opt-in plaintiffs); *In re Wells Fargo Loan Processor Overtime Pay Litig.*, MDL No. 07-1841, 2011 WL 3352460, at *11 (N.D. Cal. Aug. 2, 2011) (approving incentive awards of $1,000 each for six opt-in plaintiffs); *Wren v. RGIS Inventory Specialists*, No. 06 Civ. 5778, 2011 WL 1230826, at *38 (N.D. Cal. Apr. 1, 2011) *supplemented*, 2011 WL 1838562 (N.D. Cal. May 13, 2011) (approving incentive award of $2,500 for opt-in plaintiff).

In examining the reasonableness of a requested service award, courts consider: (1) the personal risk incurred by the named plaintiffs and opt-in plaintiffs; (2) the time and effort expended by the named plaintiffs and opt-in plaintiffs in assisting the prosecution of the litigation; and (3) the ultimate recovery in vindicating statutory rights. *Frank*, 228 F.R.D. at 187; *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200 (S.D.N.Y. 1997).

## II.    The Plaintiffs and Opt-in Plaintiff Assumed Significant Risks.

In assessing the reasonableness of service awards, courts consider the risks assumed in serving the interests of the class. *See Frank*, 228 F.R.D. at 187; *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at *1 (S.D.N.Y. Feb. 9, 2010) ("Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts.")   In the employment context, where workers are often blacklisted if they are considered "trouble makers," plaintiffs who sue their employers are particularly vulnerable to retaliation. *See Frank*, 228 F.R.D. at 187-88; *see also Velez*, 2007 WL 7232783, at *7 (observing that the plaintiffs "exposed themselves to the prospect of having adverse actions taken against them by their

4

former employer and former co-workers").

Even where there is not a record of actual retaliation, plaintiffs merit recognition for assuming the risk of retaliation for the sake of absent class members.  *See Sewell*, 2012 WL 1320124, at *14 ("Plaintiffs litigating cases in an employment context face the risk of subjecting themselves to adverse actions by their employer."); *Guippone v. BH S&B Holdings, LLC*, No. 09 Civ. 1029, 2011 WL 5148650, at *7 (S.D.N.Y. Oct. 28, 2011) ("Even where there is not a record of actual retaliation, notoriety, or personal difficulties, class representatives merit recognition for assuming the risk of such for the sake of absent class members."); *Frank*, 228 F.R.D. at 187-88 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.").

Although Plaintiffs and Opt-in Plaintiff were no longer employed by Defendants when they joined the lawsuit, they risked retaliation from their current employers and put their ability to secure future employment at risk as well.  *See Sewell*, 2012 WL 1320124, at *14 ("[F]ormer employees . . . fac[ed] [sic] potential risks of being blacklisted as 'problem' employees."); *Guippone*, 2011 WL 5148650, at *7 ("Today, the fact that a plaintiff has filed a federal lawsuit is searchable on the internet and may become known to prospective employers when evaluating the person."); *Parker*, 2010 WL 532960, at *1 ("[F]ormer employees put in jeopardy their ability to depend on the employer for references in connection with future employment."); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) (recognizing that former employees face risks to their future employability when they serve as plaintiffs).  Service awards "provide an incentive to seek enforcement of the law despite these dangers."  *Parker*, 2010 WL 532960, at *1.

**III.     The Plaintiffs and Opt-in Plaintiff Expended Significant Time and Effort.**

The Court should grant the requested service awards based on the significant work that the Named Plaintiffs and Opt-in Plaintiff undertook on behalf of the class.  Courts recognize the important factual knowledge that plaintiffs bring to employment class actions, including information about employer policies and practices that affect wages.  *See Frank*, 228 F.R.D. at 187 (recognizing the important role that plaintiffs play as the "primary source of information concerning the claims[,]" including by responding to counsel's questions and reviewing documents); *Parker*, 2010 WL 532960, at *1 (recognizing efforts of plaintiffs including meeting with counsel, reviewing documents, formulating theory of case, identifying and locating other class members to expand settlement participants, and attending court proceedings).

As discussed above, the Named Plaintiffs and Opt-in Plaintiff contributed significant time and efforts to the case.  They provided detailed factual information regarding their hours worked, their job duties, Defendants' policies, and other information relevant to their claims, and submitted declarations in support of Plaintiffs' motion for conditional certification pursuant to 29 U.S.C. § 216(b).  Swartz Decl. ¶ 35.  Named Plaintiffs also informed putative Class Members of the lawsuit and responded to document requests and interrogatories.  *Id.*

Defendants noticed all six Named Plaintiffs' depositions.  *Id.* ¶ 36.  Named Plaintiffs Rene Hernandez, Rebecca Heston, Jeffrey Steinberg, and William Rogers each traveled from Florida to New York to sit for their depositions.  *Id.*  Plaintiff Trinity Gray's deposition was cancelled by Defendants the night before it was to take place, after Mr. Gray had traveled from Pennsylvania to New York and had prepared for his deposition.  *Id.*  Defendants also cancelled Plaintiff Eric Ebanks's deposition before it occurred.  *Id.*

6

This time and effort expended by Named Plaintiffs and Opt-in Plaintiff Reynolds support the requested service awards. *See Sewell*, 2012 WL 1320124, at *15 (granting service awards of $15,000 and 10,000 to named plaintiffs where they "provided detailed factual information to class counsel for the prosecution of their claims and made themselves available regularly for any necessary communications with counsel").

## IV.   The Ultimate Recovery Supports the Requested Service Awards.

The requested service awards amount to approximately 1.3% of the total recovery, which is a reasonable percentage. *See, e.g., Palacio*, 2012 WL 2384419, at *7 (approving awards representing approximately 3.3% of the settlement); *Reyes*, 2011 WL 4599822, at *9 (approving awards representing approximately 16.6% of the settlement); *Parker*, 2010 WL 532960, at *2 (finding that service awards totaling 11% of the total recovery were reasonable "given the value of the representatives' participation and the likelihood that class members who submit claims will still receive significant financial awards"); *Frank*, 228 F.R.D. at 187 (approving award of approximately 8.4% of the settlement).

Courts routinely approve service awards equal to or greater than the awards requested here. *See Sewell,* 2012 WL 1320124, at *14-15 (approving service awards of $15,000 and $10,000 in wage and hour action); *Reyes*, 2011 WL 4599822, at *9 (approving service awards of $15,000 to three class representatives and $5,000 to fourth class representative); *Willix*, 2011 WL 754862, at *7 (approving service awards of $30,000, $15,000, and $7,500); *Torres v. Gristede's Operating Corp.*, Nos. 04 Civ. 3316, 08 Civ. 8531, 08 Civ. 9627, 2010 WL 5507892, at *7 (S.D.N.Y. Dec. 21, 2010) (approving service awards of $15,000 each in FLSA and NYLL overtime action); *Mentor v. Imperial Parking Sys., Inc.*, No. 05 Civ. 7993, 2010 WL 5129068, at *1-2 (S.D.N.Y. Dec. 15, 2010) (upholding $40,000 and $15,000 service awards in FLSA and

NYLL wage and hour action); *Khait*, 2010 WL 2025106, at *9 (approving service awards of $15,000 and $10,000 in wage and hour class action).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court approve service awards for Plaintiffs Rene Hernandez, Rebecca Heston, Jeffrey Steinberg, Trinity Gray and William Rogers in the amount of $15,000 each, for Plaintiff Eric Ebanks in the amount of $12,500, and for Opt-in Plaintiff Betty Reynolds ("Opt-in Plaintiff") in the amount of $4,000, in recognition of the services they rendered on behalf of the class.

Dated:  March 6, 2013
      New York, New York

Respectfully submitted,

**OUTTEN & GOLDEN LLP**
By:

/s/ Justin M. Swartz
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Ossai Miazad
Juno Turner
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888

***Attorneys for Plaintiffs and the Class and Collective***

8